Daws v. United States

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

JONATHAN DAWS,

*Petitioner-Appellant,*

v.                                                        No. 18-203

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

------------------------------------------------------------------

FOR APPELLANT:                    MICHAEL J. GRUDBERG, Tarter
Krinsky & Drogin LLP, New
York, NY.

FOR APPELLEE: KAITLIN T. FARRELL (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jonathan Daws appeals from a judgment of the District Court (Dearie, J.), denying his petition for a writ of error coram nobis. Daws seeks to vacate his 2006 conviction for conspiracy to commit insider trading, arguing that the conduct to which he admitted no longer constitutes insider trading in light of this Court's decisions in United States v. Newman, 773 F.3d 438 (2d Cir. 2014) and United States v. Martoma, 894 F.3d 64 (2d Cir. 2017), amended June 25, 2018, and the Supreme Court's decision in Salman v. United States, 137 S. Ct. 420 (2016). The District Court dismissed the petition, holding that because Daws's plea allocution, including on the personal benefit element, see Salman, 137 S. Ct. at

2

427; <u>Dirks v. SEC</u>, 463 U.S. 646, 662 (1983), provided a sufficient factual predicate to support his guilty plea to conspiracy to commit insider trading, he did not show a compelling basis to invalidate that plea. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, Daws argues that he did not allocute to (and did not commit) insider trading because, as a downstream tippee, he was unaware of any personal benefit obtained by the tipper, a corrupt FBI agent who shared material nonpublic information regarding law enforcement investigations with two co-conspirators. Daws also argues that a tippee's actual knowledge that the tipper received a personal benefit was not an element of the crime of insider trading when he pleaded guilty, and that it was first established as an element by <u>Newman</u> and <u>Salman</u>, clarifying <u>Dirks</u>. Thus, he claims that his guilty plea is now invalid because he did not allocute to the personal benefit element, as subsequently defined by this Court and the Supreme Court.

We affirm substantially for reasons stated by the District Court in its memorandum and order dated January 3, 2018.

3

We have considered all the arguments raised by Daws on appeal and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court